Filed April 4, 1885.

———————◆———————

No. 10,247.

## The Phenix Insurance Company of Brooklyn, New York, v. The Union Mutual Life Insurance Company of Maine.

INSURANCE.—*Mortgage Clause.*—*Change of Ownership.*—*Increase of Hazard.*— *Commencement of Proceeding to Foreclose.*—*Notice.*—The mere commencement of a proceeding to foreclose a mortgage, without notice to the insurer, is not of itself such a "change of ownership or increase of hazard" as will avoid a contract of insurance made for the benefit of the mortgagee, within the meaning of a stipulation in the mortgage clause of the policy for notice from such mortgagee of a change of ownership or increase of hazard.

From the Marion Superior Court.

*B. Harrison, C. C. Hines* and *W. H. H. Miller*, for appellant.
*S. Claypool* and *W. A. Ketcham*, for appellee.

HOWK, J.—In this case the appellee, the Union Mutual Life Insurance Company, alleged in its complaint that the appellant, the Phenix Insurance Company, of Brooklyn,

New York, on the 20th day of March, 1878, executed and issued its certain policy of insurance in the name of Priscilla J. Death, insuring her, Priscilla J. Death, against loss or damage by fire to the amount of $1,500, on her one and a half story frame and shingle-roof dwelling-house, situated on her lot on the southwest corner of Washington and Corey streets, in Knightstown, Indiana; that such policy was issued in consideration of a premium of $30 paid to the appellant by the appellee, who was mortgagee of such property, and by the terms of such policy, it was made payable to the appellee in case of loss; that the appellee was then the holder of such policy, it having been issued by the appellant to the appellee who had, as above stated, a mortgage on such property to secure the payment of $1,500, then and since unpaid; that such property was destroyed by fire, on the 21st day of March, 1878, and the property so destroyed was of the value of $1,500, and was a total loss, which loss the appellant undertook and promised to pay to the appellee sixty days after the proof of loss, and notice thereof to the appellant; that forthwith, after such loss, the appellant was notified of the loss, and the terms and conditions of the policy were, in all things, kept and performed by the appellee and by Priscilla J. Death, except as to this, Priscilla J. Death having failed and refused to make the proof of loss in her name, the proof of loss was therefore made by the appellee, but such proof was, in all things, in substance as required; that after the loss and proof thereof, the appellee enclosed to the appellant a particular statement and account of such loss, etc. And the appellee further alleged that the appraiser appointed to appraise the damage to such property, under the terms of such policy, appraised such damage at the sum of $1,050, and that appellee had been damaged in the sum of $1,500, which sum remained due and unpaid. A copy of such policy was filed with and made a part of the complaint. Wherefore, etc.

Appellant answered specially in three paragraphs, numbered respectively the *third*, *fourth* and *fifth* paragraphs, to

each of which the appellee's demurrer, for the alleged want of facts, was sustained by the court. Appellant refused to amend or plead further, and the court upon the evidence assessed the appellee's damages in the sum of $1,218, and rendered judgment accordingly. On appeal, the general term affirmed the judgment at special term, and from the judgment of the general term this appeal is now here prosecuted.

The only error relied upon, in argument, by the appellant, is the sustaining of the demurrer to the third paragraph of its answer. Under the settled practice of this court, the other errors assigned in general term are regarded here as impliedly waived.

In the third paragraph of its answer, the appellant alleged that in and by the terms of the policy in suit, it is provided, among other things, that in the event of the commencement of foreclosure proceedings against the premises insured, or if the risk be increased by any means whatever within the control of the insured, without the appellant's consent endorsed on such policy, then and in every such case the policy should become void. And the appellant averred that after such policy was so issued, and after the mortgage clause was so inserted for the benefit of the appellee, the appellee caused, without any notice whatever to the appellant, a suit for the foreclosure of such mortgage to be commenced in the circuit court of the United States, for the District of Indiana, a court having jurisdiction to hear and determine such matter, and was prosecuting such suit at the time such loss occurred, without the knowledge or consent of the appellant; whereby the risk of loss by fire to such property was greatly increased, and thereby, by the terms of such policy, such contract of insurance became void.

The part of the mortgage clause, inserted in the policy in suit for the appellee's benefit, upon which the third paragraph of answer seems to have been founded, reads as follows:

" It is hereby agreed that this insurance, as to the interest of the mortgagees only therein, shall not be invalidated by

any act or neglect of the mortgagor or owner of the property insured, or by the occupation of the premises for purposes more hazardous than are permitted by this policy. It is further agreed that the mortgagees shall notify said company of any change of ownership or increase of hazard which shall ·come to his knowledge, and that every increase of hazard not permitted by the policy to the mortgagor or owner, shall be paid by the mortgagees on reasonable demand, according to the established scale of rates for the use of such increased hazard, during the then current year."

The third paragraph of answer proceeds upon the theory that the commencement of the suit by the appellee and mortgagee to foreclose its mortgage, of itself, so greatly increased the risk of loss by fire to the property insured, as necessarily to avoid the contract of insurance. No authority is cited in support of this theory, and we know of none, and we are ·certain, that under the agreements in the mortgage clause, such ·a theory can have no application to the case in hand. Here the appellant stipulated in the mortgage clause that it should be notified by the appellee " of any change of ownership or increase of hazard " which should come to the latter's knowl-·edge. The appellant was bound to know that, under the laws ·of this State, if default were made by the mortgagor in the payment of the mortgage debt, the appellee could enforce its mortgage in no other manner than by " foreclosure proceedings against the premises." While it is true that such fore-·closure proceedings might ultimately, after a litigation more ·or less protracted, lead to a change of ownership of the premises insured, yet it is equally true that the mere commencement of such proceedings can not be regarded, in any sense, as tantamount to or the equivalent of the " change of ownership " mentioned in the mortgage clause. Besides, it may well be supposed that if the appellant had desired to be notified of the commencement of foreclosure proceedings, or had supposed that the mere commencement of such proceedings

would increase the hazard of the risk, it would have stipulated for such notice in direct terms in the mortgage clause.

The courts can not assume that the mere commencement of the foreclosure proceedings, of itself, increased the hazard of the risk in the case before us to such an extent as would, in the absence of notice or consent, avoid the contract of insurance. The facts must be averred, from which the inference inevitably follows, that the hazard was greatly increased by the commencement of the foreclosure proceedings. The appellant closed the third paragraph of its answer as follows: "Whereby the risk of loss by fire to the property was greatly increased, and thereby, by the terms of the policy, the contract of insurance became void." This is merely the pleader's conclusion, and the paragraph of answer was bad on demurrer, because the precedent facts averred in the paragraph were not sufficient to authorize any such conclusion, either of law or of fact.

We find no error in the record of this cause.

The judgment is affirmed, with costs.

